UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD KEITH STANDARD, #163438,

      Petitioner,

                                           CIVIL CASE NO. 06-12162
                                           Honorable Paul V. Gadola
                                           Magistrate Paul J. Komives

v.

KENNETH ROMANOWSKI,

      Respondent.
_____

**OPINION & ORDER SUMMARILY DISMISSING
PETITION FOR WRIT OF HABEAS CORPUS WITH PREJUDICE**

**I. Introduction**

      This matter is before the Court on Petitioner Richard Keith Standard's *pro se* request for a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. Petitioner, a state prisoner confined at Parr Highway Correctional Facility, in Adrian, Michigan, is challenging his May 6, 2003 conviction for assault with intent to commit great bodily harm less than murder. Petitioner has not only failed to exhaust his state court remedies, but the limitations period has expired for him to exercise the opportunity to exhaust said remedies. Accordingly, the Court rules that Petitioner's habeas petition is dismissed with prejudice.

**II. Procedural Facts**

      On Petitioner's form application for a writ of habeas corpus, he checked the "no" box under the query regarding whether he appealed from his judgment of conviction. Petitioner also checked the "no" box under the query whether he filed a motion for relief from judgment pursuant to MCR 6.500 with respect to his conviction and sentence. Petitioner checked the "no" box under the query

of whether he previously filed any petition, application, or motion with respect to the judgment at issue. Petitioner checked the "no" box under the query of whether he appealed to the highest court having jurisdiction on any petition, application, or motion relative to this action. Further, Petitioner has not attached any copies of appeals, opinions, orders, applications, or motions to support that he filed for any post-judgment relief in this matter. Petitioner initially and erroneously filed this habeas corpus petition with the United States District Court for the Western District of Michigan on April 7, 2006. His file was transferred to this Court on May 11, 2006. The habeas petition challenges the length of Petitioner's sentence and his claim that he has wrongfully been denied release under early parole procedures.

## III. Discussion

There are two principal issues in this case which prevent it from moving forward. As to the challenge relative to the length of Petitioner's sentence, Petitioner failed to exhaust his state court remedies prior to seeking federal habeas review. To the extent that Petitioner challenges his May 6, 2003 conviction and sentence, his challenge is time barred. Relative to Petitioner's claim that he was wrongfully denied early release under early parole procedures, his claim is without merit. Because the legal analysis involving each is different, the Court will examine them separately.

### A. Sentence Challenge

#### 1. Failure to Exhaust

Petitioner challenges the length of his sentence. He failed, however, to make the first attempt to assert these claims as he filed no direct appeal or collateral attack regarding these issues. A federal court may not grant habeas corpus relief unless the petitioner has exhausted all available state remedies or demonstrated their inadequacies. *See* 28 U.S.C. § 2254(b); *Martin v. Mitchell*, 280

F.3d 594, 603 (6th Cir. 2002) ("Habeas corpus relief is available only if the applicant first exhausts remedies available in state court."); *see also Hannah v. Conley*, 49 F.3d 1193 (6th Cir. 1995). Exhaustion requires that a petitioner provide the state courts with the opportunity to correct any constitutional violations by invoking "one full round" of the state's appellate review process. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"). Federal habeas law provides that a habeas petitioner is only entitled to relief if he or she can show that the state court adjudication of the claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d). Otherwise, the Court cannot apply the standard found at 28 U.S.C. § 2254.

The exhaustion requirement is premised on the principle of comity. "[T]he state courts should have the first opportunity to review this claim and provide any necessary relief." *O'Sullivan*, 526 U.S. at 844. The Supreme Court further opined: "This rule of comity reduces friction between the state and federal court systems by avoiding the 'unseemliness' of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation." *Id.* "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." § 2254(c); *Keener v. Ridenour*, 594 F.2d 581, 584 (6th Cir. 1979) (holding that the exhaustion requirement applies to remedies still open to the habeas applicant at the time of the filing of the petition). The burden is on the petitioner to demonstrate compliance with the exhaustion requirement or that the state

procedure would be futile. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994) (citing *Darr v. Burford*, 339 U.S. 200, 218-19 (1950)).

In the present case, relative to Petitioner's challenge as to the length of his sentence, at no time has he presented this claim to the courts of Michigan for review. Therefore, since the Michigan Court of Appeals nor the Michigan Supreme Court have had an opportunity to review Petitioner's habeas claims, this Court cannot proceed relative to the adjudication of Petitioner's case.

### 2. Limitations Period

Because the habeas petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the provisions of the AEDPA apply. *Washington v. Hofbauer*, 228 F.3d 689, 698 (6th Cir. 2000). The AEDPA sets forth a statute of limitations for state prisoners seeking release from custody. The statute provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

In the present case, Petitioner was convicted on May 6, 2003. He did not did not file a direct appeal of his conviction, nor did he file a delayed application for leave to appeal. Therefore, the one-year limitations period began to run at "the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). In this case, Petitioner's conviction became final on June 17, 2003, 42 days after the trial court entered the judgment of conviction. M.C.R. 7.204(A)(2)(c). Thus, Petitioner had until June 17, 2004, to file his petition for writ of habeas corpus in this Court unless there was a time-tolling, collateral attack pending in state court. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). Petitioner did not file any time-tolling, collateral attacks of his state court conviction. His application here, which was originally filed in the Western District of Michigan on April 7, 2006, 22 months after the statute of limitations expired, is therefore time barred.

### B. Parole Challenge

Regarding Petitioner's assertion that he was wrongfully denied release under early parole procedures, Petitioner was denied early parole on January 29, 2004, with parole to be reconsidered on October 6, 2005. As previously stated, before the court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan*, 526 U.S. at 842.

Petitioner, however, cannot raise his parole denial claims before the state courts. Pursuant to 1999 statutory and rule amendments by the Michigan Legislature and Michigan Supreme Court, a prisoner no longer has an ability to appeal a parole denial under state law. Michigan Compiled Law §791.234(9), as amended by 1999 Michigan Public Acts 191, eliminated the ability of a prisoner to appeal a parole denial, and provides only that a grant of release on parole may be

appealed by the prosecutor or the victim. Following the lead of the Michigan Legislature, the Michigan Supreme Court amended Michigan Court Rule 7.104, effective March 10, 2000, eliminating the provisions regarding the methods by which a prisoner could appeal a parole denial. *See* M.C.R. 7.104(D)(1), (2)(a). Recently, the Sixth Circuit Court of Appeals held that a Michigan petitioner's failure to exhaust his equal protection challenge to parole procedures is excused under 28 U.S.C. § 2254(b)(1)(B)(i) because Michigan law does not provide a state corrective process for such a claim. *Jackson v. Jamrog*, 411 F.3d 615, 618 (6th Cir. 2005). However, certain types of parole denial claims involving radical defects in legal process may be cognizable in state habeas corpus proceedings or by complaint for an order of mandamus. *Id.* at 621; *see also Morales v. Mich. Parole Bd.*, 676 N.W.2d 221 (Mich. App. 2003).

Consequently, because state statute prohibits a prisoner from appealing a parole denial, Petitioner appears to have no available state court remedy in which to exhaust his claims. Even if he did have a method to challenge the decision, such as a state writ of habeas corpus or mandamus, *see Morales*, 676 N.W.2d at 229-30, this Court may still deny his action on the merits. *See* 28 U.S.C. § 2254(b)(2).

A habeas petitioner's failure to exhaust his or her state court remedies does not deprive a federal court of its jurisdiction to consider the merits of the habeas petition. *Granberry v. Greer*, 481 U.S. 129, 131 (1987). A habeas petitioner's failure to exhaust his or her state court remedies is not a bar to federal habeas review of the claim "when the claim is plainly meritless and it would be a waste of time and judicial resources to require additional court proceedings." *Friday v. Pitcher*, 200 F.Supp.2d 725, 744 (E.D. Mich.2002); 28 U.S.C. § 2254(b)(1)(A)(c). Because Petitioner's claim lacks merit, in the interests of efficiency and justice, the Court will address Petitioner's claim,

rather than dismiss the petition on exhaustion grounds. *Welch v. Burke*, 49 F.Supp.2d 992, 998 (E.D. Mich. 1999). There is no constitutional right of a convicted person to be conditionally released before the expiration of a valid sentence. *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979); *see also Board of Pardons v. Allen*, 482 U.S. 369, 377 n.8 (1987). Stated more succinctly, there is no federal constitutional right to be paroled. *Gavin v. Wells*, 914 F.2d 97, 98 (6th Cir. 1990); *Lee v. Withrow*, 76 F.Supp.2d 789, 792 (E.D. Mich. 1999).

In Michigan, a prisoner's release on parole is discretionary with the parole board. *Lee v. Withrow*, 76 F.Supp.2d at 792 (citing *In Re Parole of Johnson*, 596 N.W.2d 202, 204 (Mich. App. 1999)). The Michigan parole statute therefore does not create a right to be paroled. *Id.*; *see also Hurst v. Department of Corrections Parole Bd.*, 325 N.W.2d 615 (Mich. App. 1982). Because the Michigan Parole Board has the discretion whether to grant parole, a prisoner does not have a protected liberty interest in being paroled prior to the expiration of his or her sentence. *Canales v. Gabry,* 844 F.Supp. 1167, 1171 (E.D. Mich. 1994); *Hurst*, 325 N.W.2d 615. Michigan Compiled Law §791.233, Michigan's parole statute, does not create a protected liberty interest in parole, because the statute does not place any substantive limitations on the discretion of the parole board through the use of particularized standards that mandate a particular result. *Janiskee v. Michigan Dep't of Corrections*, 1991 WL 76181, at *1 (6th Cir. May 9, 1991). As a result, petitioner does not "have a sufficient liberty interest in his future parole release to be entitled to due process in his parole release proceedings." *Sharp v. Leonard*, 611 F.2d 136, 137 (6th Cir. 1979). Where a prisoner has no state created liberty interest in being paroled, he or she may not challenge the procedures used to deny him or her parole. *See Johnson v. Tyszkiewicz*, 2001 WL 278172, at * 4 (E.D. Mich. Feb. 28, 2001); *Thomas v. Morgan*, 109 F. Supp. 2d 763, 768 (N.D. Ohio 2000). Because Petitioner

had no protected liberty interest in parole, he has no right to expect the parole board to follow state procedural rules as a matter of federal due process. *McCoy v. Grayson*, 2001 WL 902618, at * 2 (E.D. Mich. June 29, 2001) (citing *Gavin*, 914 F.2d at 98).  Where an inmate has no legitimate expectation of, and thus no liberty interest in, receiving parole, a parole board's failure to set an inmate's release date in accordance with parole guidelines does not give rise to a due process claim. *Parisie v. Morris*, 873 F. Supp. 1560, 1562 (N.D. Ga. 1995).  Accordingly, Petitioner is not entitled to habeas relief on his parole claim.

## IV.  Conclusion

For the reasons stated, this Court concludes that Petitioner has not fully exhausted his state court remedies, his parole claim lacks merit, and the remainder of Petitioner's habeas claim is time-barred.  Accordingly, the habeas petition is **DISMISSED WITH PREJUDICE**.

**IT IS HEREBY ORDERED** that the Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus [docket entry 1-1] is **DISMISSED WITH  PREJUDICE.**

**IT IS FURTHER ORDERED** that the Petitioner's Application to Proceed Without Prepayment of Fees and Costs  [docket entry 1-2] is **DENIED as moot**.

**SO ORDERED.**

Dated:   September 14, 2006                         s/Paul V. Gadola
                                                    HONORABLE PAUL V. GADOLA
                                                    UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on   September 14, 2006   , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
                                                                                                                              , and
I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:     Richard Keith Standard                              .

                                                  s/Ruth A. Brissaud
                                                  Ruth A. Brissaud, Case Manager
                                                  (810) 341-7845